IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAYS INN WORLDWIDE, INC., a
Delaware Corporation formerly
known as Days Inn of America
Franchising, Inc.,

    Plaintiff,

v.

B & P PARTNERSHIP, a Florida
limited partnership, and PANKAJ
BRAHMBHATT, an individual,

    Defendants.

1:15-cv-2608-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Days Inn Worldwide, Inc.'s ("Plaintiff") Motion for Entry of Default Judgment as to Defendants B & P Partnership and Pankaj Brahmbhatt [14] ("Motion for Default Judgment").

**I.   BACKGROUND**

On July 22, 2015, Plaintiff filed its Complaint [1] against Defendants B&P and Pankaj Brahmbhatt (together, "Defendants"), asserting claims of breach of contract and unjust enrichment.  Plaintiff seeks $204,446.09, together with interest and costs.  Plaintiff also seeks, pursuant to O.C.G.A. § 13-6-11, attorneys' fees and

expenses of litigation, alleging Defendants acted in bad faith and caused Plaintiff unnecessary trouble and expense.

On August 28, 2015, Plaintiff unsuccessfully attempted to serve the Complaint and summons on Defendants at Mr. Brahmbhatt's place of business, 1181 Airport Road, Jacksonville, FL 32218.  (See [6], [7]).  Plaintiff did not seek an extension of time to serve Defendants.  Nearly nine months later, on May 12, 2016, Plaintiff served Defendants, pursuant to Fla. Stat. §§ 48.161 & 48.181, by mailing a copy of the Complaint and summons to the Florida Secretary of State.  (See [14.3]).  Defendants did not file an answer or otherwise take any action in this case.  On July 12, 2016, Plaintiff filed its Motion for Entry of Default as to Defendants [12].  The same day, the Clerk entered default against Defendants.  On September 2, 2016, Plaintiff filed its Motion for Default Judgment.

## II. DISCUSSION

When Plaintiff filed its Complaint, Federal Rule of Civil Procedure 4(m) provided that, if a defendant is not served within 120[1] days after the filing of the complaint, the Court, on motion or on its own after notice to the plaintiff, "must

---

[1] Fed. R. Civ. P. 4(m) was amended, effective December 1, 2015, to reduce the time to serve a defendant from 120 days to 90 days.

dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll Cty Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).  "Even in the absence of good cause, a district court has the discretion to extend the time for service of process."  Id.

Plaintiff failed to serve Defendants within 120 days of filings its Complaint. Plaintiff did not seek an extension of time to serve Defendants, and claims to have effectuated service on May 12, 2016, nearly ten months after filing its Complaint. Plaintiff has not shown good cause for its failure to serve Defendants within the required 120-day period.  Accordingly, Plaintiff is required to show cause why this action should not be dismissed without prejudice.  Plaintiff's Motion for Default Judgment is denied without prejudice.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Days Inn Worldwide, Inc. **SHOW CAUSE**, on or before October 14, 2016, why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment as to Defendants B & P Partnership and Pankaj Brahmbhatt [14] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 28th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE